**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | |
|---|---|
| Maxwell Louis<br>1022 Dewees Lane<br>Chester Springs, PA 19425<br><br>*PLAINTIFF*,<br><br>vs.<br><br>OWEN J. ROBERTS SCHOOL DISTRICT<br>901 Ridge Road<br>Pottstown, PA 19465<br><br>And<br><br>SUSAN LLOYD, Superintendent c/o<br>OWEN J. ROBERTS SCHOOL DISTRICT<br>901 Ridge Road<br>Pottstown, PA 19465<br><br>And<br><br>KATHY SOEDER, Assistant Superintendent c/o<br>OWEN J. ROBERTS SCHOOL DISTRICT<br>901 Ridge Road<br>Pottstown, PA 19465<br><br>And<br><br>KEN NAPAVER<br>901 Ridge Road<br>Pottstown, PA 19465<br><br>And<br><br>STEPHEN E. RAUGHT<br>4631 Pheasant Run N<br>Reading, PA 19606<br><br>*DEFENDANTS*. | COMPLAINT (CIVIL ACTION)<br><br>*NO.*: |

_____

**A.     NATURE OF ACTION**

1. This is an action for damages and other relief brought on behalf of Plaintiff, Maxwell Louis, who was a Minor at the time.

2. This action centers upon inappropriate and abusive emotional/physical/sexual contact perpetrated against the plaintiff, a minor at the time, by defendant Stephen E. Raught during the time he was a high school teacher at Owen J. Roberts High School within the Owen J. Roberts School District and the failures/culture of disregard on the part of the school district and its officials for lacking adequate policies and procedures with respect to the protection of its students, particularly Ms. Louis.

3. Plaintiff seeks redress pursuant to 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. §§1681-88 [hereinafter "Title IX"], as well as certain provisions of the common law of Pennsylvania.

**B.     PARTIES**

4. Plaintiff, Maxwell Louis, is currently an adult, and resides at 1022 Dewees Lane, Chester Springs, PA 19425.

5. Defendant Owen J. Roberts School District [hereinafter "the District"] is an entity organized under the law of Pennsylvania, operating several public schools within a designated geographical area in Chester County.

6. Defendant Susan Lloyd [hereinafter, "Lloyd"] was, at all times material hereto, the Superintendent of the District, responsible for the promulgation, implementation and maintenance of the District policies regarding student, faculty and administrative procedures, including but not limited to procedures relating to the prevention and reporting of the abuse of District students.

7. Defendant Kathy Soeder [hereinafter "Soeder"], has been at all times material hereto, the Assistant Superintendent.  As such, she is the District officer responsible for "selecting and placing staff", working with school administration to achieve "instructional and safety/security goals", "evaluating educational programs", and utilizing best practices with student impact in mind.

8. Defendant Ken Napaver [hereinafter "Napaver"], at all times material to this Complaint, was the principal of Owen J. Roberts High School, which was, at all times material hereto, attended by plaintiff, a minor at the time.

9. Defendant Stephen E. Raught [hereinafter "Raught"], at all times material to this Complaint, was employed by the district as a high school teacher for many years.  He was a philosophy teacher of the plaintiff, a minor at the time, at Owen J. Roberts High School.

C. **JURISDICTION**

10. Jurisdiction is vested in this Court due to the federal questions presented by plaintiff's statutory claims. 28 U.S.C. §1331.  The Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

11. At all times material hereto, all defendants acted pursuant to or under color of state law as those terms are defined under 42 U.S.C. §1983.

12. At all times material hereto, Defendant, the District received federal funds for the provision of educational services and programs within the District.

D. **VENUE**

13. Venue lies properly in this judicial district, as defendants may be located therein, and the events and conduct giving rise to the Complaint occurred therein.

**E.   MATERIAL FACTS**

14. On or about March 16, 2020, Raught engaged in inappropriate, physical/sexual contact with the plaintiff, a minor at the time, including but not limited to touching and hugging and kissing her, stomach, legs and vaginal area, despite the District being on quarantine due to the Covid-19 pandemic.

15. These occasions were not the first alleged improper contacts by Raught with high school children in his charge.

16. While employed at the District, complaints about Raught's inappropriate behavior towards female students, including touching, during the years of 2003, 2004, 2006 and 2015 were reported and upon information and belief a thorough investigation by the District was not conducted into each complaint.

17. Upon information and belief, the District's documentation about the investigation regarding Raught's previous behavior was "scant and lacking details."

18. Neither the District nor any official of Owen J. Roberts High School made any attempt to thoroughly investigate Raught's previous inappropriate behavior and conduct, said investigation was inadequate.

19. Raught was hired in 2002 as a teacher at the District.

20. Despite Raught's previous inappropriate behavior and conduct being reported to the District and Owen J. Roberts High School at the time, no disciplinary action was taken against Raught, and neither the school's administration, nor any employee with knowledge, made any report of the incidents or related complaints to law enforcements authorities, an appropriate county agency, or the Pennsylvania Department of Public Welfare, as is

mandatory in accordance with the Pennsylvania Child Protective Services law then in effect, 23 PA. C.S. §6301, et seq.

21. As a consequence, Raught was enabled and continued in his pattern of abuse and molestation of female students.

22. Despite having this previous information, and despite his status as a "mandated reporter" under the Child Protective Services law, Napaver failed to make a report to the Commonwealth's Department of Human Services, Children & Youth Services of Chester County, or to any responsible agency or law enforcement authority.

23. Napaver also failed to take any disciplinary action against Raught, or take any action to prevent his further abuse of female students.

24. Neither Napaver, Lloyd, Soeder nor the District took any meaningful action in response to the complaints about Raught's previous behavior, instead Defendants, Napaver, Lloyd, Soeder and the District allowed his inappropriate conduct and abuse of the vulnerable students, including the Plaintiff, a minor at the time, who would become his victims.

25. As a result of the inappropriate sexual contact with Plaintiff, a Minor at the time, thirty five (35) former students and student government representatives of Owen J. Roberts High School sent a letter to the Defendant, the District, expressing their "deep concern and alarm" following Defendant, Raught's, inappropriate conduct and abuse.

26. Included in the letter was the demand that the District "take affirmative steps to address the 'trust [that] was betrayed.'" The letter expressly stated, the serious concerns that former students, parents and the community have about how incidents involving sexual harassment and other discriminatory, assaultive or harassing behavior has been addressed.

27. In response to the letter, the District employed the assistance of Former District Attorney of Philadelphia, Kelly B. Hodge, an external consultant to conduct an impartial and unbiased review of all district policies and procedures as it relates to harassment, discrimination and school safety.

28. As part of her investigation, Ms. Hodge reviewed the allegations regarding Raught and his previous numerous allegations of inappropriate conduct towards female students.

29. The investigation into Raught's previous behavior revealed that both students and parents had reported Raught in 2003, 2004, 2006 and 2015 for engaging in "behavior or displaying mannerisms that made female students feel "uncomfortable."

30. The reported incidents in 2003, 2004, and 2006 were responded with "some level of follow up." There was no evidence the incident in 2015 displayed any follow up by the District.

31. Hodge came to the conclusion, with regard to the District's investigation into Raught's previous numerous allegations, that "[A]fter reviewing all the available information,…., it showed that documentation was scant and lacking details. In summary, what was contested in District's files appeared inadequate and did not demonstrate that procedures were effectively applied. Additionally, a thorough investigation was not conducted into each report. There was also insufficient oversight following the known allegations to ensure there was not a possible pattern of behavior.

32. Additionally, as part of her investigation, Hodge reviewed the racial discrimination and harassment that was endured by students during their tenure at the District.

33. The investigation revealed that the theme among parents and faculty was that the District fails to adequately respond to issues regarding racial and ethnic discrimination.

34. In response to such discrimination, in 2019, a Black Student Union was established to create a "safe place" after it was determined that black students were being bullied and/or harassed based on their ethnicity. The Union was formed due to the lack of the District's administration's involvement in responding to the discriminatory reported incidents.

35. Furthermore, students at the District felt there was "no point" in reporting the incidents of discriminatory behavior because the District would not take action.

36. After her thorough investigation, which included several interviews, review of documentation, review of previous sexual and inappropriate misconduct allegations, review of harassment and discriminatory behavior – both past and recent, Hodge came to conclusions with regard to the District's behavior of the continued nefarious conduct.

37. Hodge came to the conclusion, specifically, that "[T]he issue that has been to shown to exist, based on a review of all the information, is not a lapse in policy content but a failure to effectively implement the policies." "There is a need for increased education about policies, procedures and ways to report, while elimination actual or perceived barriers to reporting." Moreover, Hodge states documentation is critical and necessary in order to properly, fairly and thoroughly respond to any report or complaint, but here there was severe lack of documentation.

38. Furthermore, Hodge came to the conclusion that there was no follow up by the District on each report of misconduct. Specifically, Hodge stated "[B]ased on my independent

review, there was limited evidence of adequate detailed follow up on each report that was received by the District."

39. Finally, Hodge states in her investigation report that "[I]t is incumbent on the adults in the school space proactively work to ensure students are and feel safe."

40. As a consequence of the failures by the District, its Owen J. Roberts High School and the responsible officials therein, Raught was enabled to continue his misconduct, and to abuse the plaintiff, a minor at the time, as alleged in paragraph 14 hereinabove.

41. As a result of the District's failures, Raught's predatory nature was left unchecked and he was free to prey upon vulnerable minor students at Owen J. Roberts High School.

42. Mr. Raught engaged in classic "victim grooming" conduct over the course of numerous months/years, as he sought to gain the trust of Ms. Louis.

43. Mr. Raught's conduct included inappropriate personal discussions with Ms. Louis that sought to render her dependent on him for emotional support.

44. Mr. Raught attempted to normalize sexual conversation with Ms. Louis by making offensive sexually charged racist remarks about African American boys at the high school.

45. Mr. Raught pursued additional contact with Ms. Louis through patterns of manipulation and emotional abuse, all under the guise of being her "teacher".

46. The culmination of Mr. Raught's abuse of Ms. Louis occurred on or about March 16, 2020 when he physically and sexually molested and assaulted Ms. Louis.

47. Mr. Raught's sexual molestation of Ms. Louis occurred on school property and in connection with his learning that the District was closing due to the Covid pandemic.

48. As a result of the outrageously shocking conduct of the Defendants, plaintiff has sustained severe harm, including but not limited to physical abuse, sexual molestation, severe emotional distress and anxiety, depression, post-traumatic stress disorder and social withdrawal, including, among other things, bouts and fits of crying, disruption of her ability to enjoy life's pleasures, and destruction of her sense of safety and well-being.

49. As a result of these harms, the Plaintiff has suffered irreparably and will continue to suffer permanently, necessitating therapeutic medical and/or psychological treatments, which are likely to persist throughout her lifetime.

50. As further result of the abuse she has suffered, plaintiff has suffered a significant interference with her ability to learn and otherwise enjoy the benefits of the education and educational services of the District, all to her permanent detriment.

F.  **CAUSES OF ACTION**

### COUNT I

### PURSUANT TO 42 U.S.C. § 1983
### PLAINTIFF V. RAUGHT

51. Plaintiff incorporates herein by reference paragraphs 1-50 as though each were set forth in its entirety.

52. Taking advantage of his capacity as plaintiff's teacher, as the attendant authority created under state law, Raught, through the conduct alleged heretofore, violated Plaintiff's, a minor at the time, civil and constitutional rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, including her rights to security of person, due process, and equal protection.

53. Plaintiff suffered the harms and damages alleged hereinabove as a result of the Constitutional violations committed by Raught.

## COUNT II - *MONELL*

### PURSUANT TO 42 U.S.C. §1983
### PLAINTIFF VS. THE DISTRICT AND LLOYD

54. Plaintiff incorporates herein by reference paragraphs 1 through 46, as though each were set forth in its entirety.

55. The abusive and illegal conduct of Raught, in violation of plaintiff's Constitutional and federally protected statutory rights, resulted from acts and omissions, policies, customs and practices maintained and endorsed by Defendants, the District and Llyod, who had policymaking authority, including:

   a. Failure to train District personnel regarding the proper investigation of child abuse allegations;

   b. Systematic failure to conduct, or to ensure that proper and thorough investigating of child abuse allegations are/were conducted;

   c. Systematic failure to report, or to ensure that credible allegations of child abuse were reported to the proper agencies and authorities;

   d. Systematic failure to ensure District compliance with Pennsylvania's Child Protective Services Law;

   e. Failure to implement or maintain procedures to screen teacher applicants for past allegations and/or incidents of child abuse;

   f. Failure to terminate or otherwise discipline teachers, including but not limited to Raught, against whom credible allegations of child abuse are made, or are known to have engaged in a pattern of abusing or harassing females students;

   g. Promulgating and/or maintaining policies and/or customs, which resulted in systematic and repeated violations of Plaintiff's Constitutional rights; and,

   h. Deliberate indifference to complaints of minor female students and their parents regarding abusive conduct by teachers, including but not limited to Raught.

10

## COUNT III – *STATE-CREATED DANGER*

## PURSUANT TO 42 U.S.C. §1983

## PLAINTIFFS vs THE DISTRICT, LLOYD, SOEDER AND NAPAVER

56. Plaintiff incorporates herein by reference paragraphs 1-48 though each were set forth in its entirety.

57. In response to disturbing complaints and allegations of molestation and abuse regarding Raught, then employed as a high school teacher, shockingly, Defendants, the District, Lloyd, Soeder and Napaver, continued to place particularly vulnerable students, including the Plaintiff, a minor at the time, in almost certain danger and risk for catastrophic injury and harm, including those injuries and harms alleged herein.

58. As a foreseeable result of the acts, policies, customs and practices alleged in paragraphs 14 through 50 hereinabove, defendants, in a manner shocking to the conscience, enabled and facilitated ongoing abuse by Raught, placing Plaintiff, a minor at the time, who was particularly vulnerable, in extreme and unreasonable danger of the harms she ultimately suffered.

59. In doing so, defendants violated plaintiff's rights under the Fourteenth Amendment to the Constitution.

60. As a result, plaintiff suffered the harms and damages alleged heretofore.

## COUNT IV

## PURSUANT TO TITLE IX

## PLAINTIFF vs THE DISTRICT

61. Plaintiffs incorporates herein by reference paragraphs 1-53 as though each were set forth in its entirety.

62. As a provider of educational programs and services receiving federal funds, the District is required to provide the benefits of those services and programs without discrimination on the basis of sex.

63. As alleged hereinabove, the District, by and through its faculty, administrative staff and policy makers, intentionally disregarded the rights and safety of female students, including the Plaintiff, and disregarded and failed to act on complaints, by minor female students and their parents, of abuse at the hands of Defendant Raught.

64. Due to the District's intentional acts and maintenance of customs and policies alleged heretofore, Plaintiff was subjected to gender-based harassment, abuse and inappropriate physical contact by her teacher, suffering the relevant harms averred above.

65. The District's conduct comprised illegal discrimination against Plaintiff prescribed by Title IX and causing the harm Plaintiff suffered.

## COUNT V

**INTENTIONAL AND OUTRAGEOUS INFLICTION OF EMOTIONAL DISTRESS (SUPPLEMENTAL JURISDICTION)**

**PLAINTIFF vs. RAUGHT**

66. Plaintiffs incorporate hereby reference paragraphs 1-45, as though each were set forth in its entirety.

67. Raught's purposeful, illegal, and outrageous conduct as alleged heretofore, inflicted extreme emotional distress upon Plaintiff, which likely will require mental health and other treatment, with attendant expense to her parents.

## COUNT VI

## ASSAULT AND BATTERY
## (SUPPLEMENTAL JURISDICTION)

## PLAINTIFF vs. RAUGHT

68.  Plaintiff incorporates herein by reference paragraphs 1-60, as though each were set forth in their entirety.

69.  Raught's conduct comprised inappropriate conduct and assault upon the Plaintiff, a minor at the time, and unauthorized contact with her person (battery).

70.  Plaintiff suffered the harms and damages averred heretofore as a result.

**G.    PUNITIVE DAMAGE ALLEGATION**

71.  Raught's intentional conduct was outrageous and wanton, and committed with reckless disregard for Plaintiff's, a minor at the time, well-being and the laws intended to protect her and similarly situated children, including the criminal laws of Pennsylvania including school- intercourse/sexual contact with student, unlawful contact with minor, endangering welfare of children and corruption of minors, thereby warranting the imposition of punitive damages.

**H.    JURY DEMAND**

72.  Plaintiff demands a jury determination of all issues so triable.

**I.    PRAYER FOR RELIEF**

***WHEREFORE***, Plaintiff asks the Court to enter judgment in their favor and against defendants, individually, jointly and separately, and to award them the following relief:

   a.    General and compensatory damages against all Defendants;

   b.    Punitive damages against Raught;

c. Attorney's fees and costs pursuant to 42 U.S.C. §1988 and Title IX; and,

d. Such other relief as the Court deems just and equitable.

Respectfully submitted,

**BARRETT DEANGELO, LLC**

By: */s/Michael F. Barrett*
MICHAEL F. BARRETT, ESQUIRE
PA Bar No. 42305
JOSEPH G. DEANGELO, ESQUIRE
PA Bar No. 308004
MICHAEL MONGELUZZI, ESQUIRE
PA Bar No. 318636
michael@barrettdeangelo.com
joe@barrettdeangelo.com
mike@barrettdeangelo.com
380 Beagle Road
West Chester, PA 19382
*Counsel for the Plaintiff*